**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ST. PAUL PROTECTIVE INSURANCE CO. and FIDELITY GUARANTY INSURANCE UNDERWRITERS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>TRISTAN MACOR and BEN KESTENBAUM,<br><br>Defendants. | Civil Action No. 26-00342 (GC) (JTQ)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendant Ben Kestenbaum's Motion to Dismiss the Complaint pursuant to the *Brillhart* abstention doctrine.[1] (ECF No. 9.) Plaintiffs St. Paul Protective Insurance Co. (St. Paul) and Fidelity and Guaranty Insurance Underwriters, Inc. (Fidelity) opposed, and Kestenbaum replied. (ECF Nos. 18, 19.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's Motion is **DENIED**.

## I. BACKGROUND

Plaintiff St. Paul issued a homeowners policy to the parents of Defendant Tristan Macor,[2] covering the period July 26, 2021 through July 26, 2022 (the St. Paul Policy). (ECF No. 1 ¶ 10.)

---

[1] *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.

[2] Although named as a defendant, Macor has not appeared in this action.

The policy includes personal liability insurance "with a per occurrence limit of $300,000.00." (*Id.* ¶ 12.) Macor is covered under the policy as "a resident relative of the named policyholders." (*Id.* ¶ 11.) The St. Paul Policy states:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" is exhausted by the payment of a judgment or settlement.

(*Id.* ¶ 13.) The St. Paul Policy includes the following definitions:

> 4. "bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.
>
> . . .
>
> 12. "occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results during the policy period, in:
>
> > a. "bodily injury"; or
> >
> > b. "property damage".

(*Id.* ¶ 14.) It also includes the following exclusions:

> 5. "Bodily injury" or "property damage" which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage" is:
>
> > a. Of a different kind, quality or degree than initially expected or intended; or
> >
> > b. Sustained by a different person, entity, real or personal property, than initially expected or intended.

> This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by an "insured" to protect persons or property.

(*Id.* ¶ 15.)

Plaintiff Fidelity issued an umbrella policy to Macor's parents, covering the period March 22, 2022 through March 22, 2023 (the Fidelity Policy; together with the St. Paul Policy, are referred to as the Policies). (*Id.* ¶ 16.) The Fidelity Policy has a limit of up to $2,000,000 per occurrence, applicable to damages in excess of a primary policy, and it contains "essentially the same terms and definitions as the [relevant St. Paul] Policy provisions." (*Id.*) Macor is covered under the policy as "a resident relative of the named policyholders." (*Id.* ¶ 17.)

In May 2023, Kestenbaum sued Macor in the Superior Court of New Jersey for assault and battery and negligence (the Underlying Action).[3] (*Id.* ¶¶ 1, 20; ECF No. 1-4 at 4-5.)[4] Kestenbaum alleges that Macor slapped Kestenbaum multiple times while attending a bachelor party, causing Kestenbaum a traumatic brain injury. *See Kestenbaum v. Macor*, HNT-L-000166-23, Plaintiff's Pretrial Exchange, at 7-8 (Dec. 11, 2025); *id.*, Defendant's Pretrial Exchange, at 2-3 (Dec. 15, 2025). Macor and Kestenbaum later stipulated to dismissal of the assault and battery claim, leaving only a negligence claim remaining.[5] *Id.*, Stipulation of Dismissal (Aug. 26, 2025.) The case is scheduled for trial on November 16, 2026. *Id.*, Court Notice (July 27, 2026).

---

[3] The Court takes judicial notice of the docket in the state court case. *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) (noting that a court may take judicial notice of another court's docket).

[4] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[5] The court also dismissed a claim for punitive damages. *See Kestenbaum v. Macor*, HNT-L-000166-23, Order (Sep. 15, 2025).

Plaintiffs are not parties in the Underlying Action. Rather, they are providing the defense for Macor pursuant to the Policies, (ECF No. 18 at 5), and, according to Kestenbaum, subject to a reservation of rights to deny coverage at a later time, (ECF No. 9-2 at 2).

Plaintiffs filed this action on January 12, 2026. (ECF No. 1.) Plaintiffs assert that the Policies do not cover the claims in the Underlying Action nor any damages that may result from such a claim. (*Id.* ¶¶ 20-21.) Plaintiffs seek a declaratory judgment that: the Policies do not cover the Underlying Action or resulting damages or judgment; Plaintiffs owe no duty to defend or indemnify Macor in the Underlying Action; St. Paul can terminate its defense of Macor in the Underlying Action; and Plaintiffs are not liable to pay or satisfy claims, judgments, or awards in the Underlying Action. (*Id.* at 6; *see also* ECF No. 9-2 at 1 (stating Plaintiffs seek a declaration that they "do not have to defend or indemnify defendant, Tristan Macor").) They also seek costs of this suit and any other relief the Court deems just and proper. (ECF No. 1 at 6.) On February 10, 2026, Defendant moved to dismiss Plaintiff's Amended Complaint on abstention grounds. (ECF No. 9-2 at 1.)

## II. <u>LEGAL STANDARD</u>

The Declaratory Judgment Act states that "any court of the United States . . . *may* declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a) (emphasis added). As such, in suits seeking only a declaratory judgment, "[t]he Supreme Court has long held that [the Declaratory Judgment Act] confers discretionary, rather than compulsory, jurisdiction upon federal courts." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 134 (3d Cir. 2014) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)). Accordingly, "a court may abstain from entertaining an action seeking only declaratory relief." *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 (3d Cir. 2017); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under

the Declaratory Judgment Act . . ., even when the suit otherwise satisfies subject matter jurisdictional prerequisites."); *Rarick v. Fed. Serv. Ins. Co.*, 852 F.3d 223, 227 (3d Cir. 2017) ("Courts have greater discretion to decline jurisdiction over actions for declaratory judgments because they seek an adjudication of rights and obligations prior to the enforcement of a remedy.").

To determine whether to exercise or abstain from jurisdiction over a pending action for declaratory judgment, courts "weigh certain enumerated and other factors bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for federal resolution." *Kelly*, 868 F.3d at 282 (citation modified). Courts deciding motions to dismiss brought pursuant to the *Brillhart* abstention doctrine are afforded "substantial discretion." *Reifer*, 751 F.3d at 139.

## III. DISCUSSION

Kestenbaum argues that the Court should exercise its discretion under the Declaratory Judgment Act and decline jurisdiction over this action. (ECF No. 9-2.) He argues that the various factors courts consider when determining whether to exercise jurisdiction "weigh heavily against exercising jurisdiction over this action." (*Id.* at 10.) Plaintiffs oppose Kestenbaum's Motion on two grounds. First, they argue that the Court should not consider this Motion because Kestenbaum "lacks standing to seek dismissal of this coverage action," as he "is not a party to the insurance contracts at issue." (ECF No. 18 at 5.) Second, they contend that the abstention factors weigh in favor of this Court retaining jurisdiction over this action. (*Id.* at 12-16.)

The Court will first consider Plaintiffs' argument regarding Kestenbaum's standing before moving to the question of abstention. Plaintiffs assert that Kestenbaum is a "nominal defendant," added to this action only because "he holds a contingent and derivative interest in whether coverage ultimately exists to satisfy any judgment he might obtain against Macor," and therefore lacks standing to bring this Motion. (*Id.* at 5-11.) In response, Kestenbaum highlights that Plaintiffs' Complaint does not identify him as a nominal defendant but rather as "a necessary and

proper party." (ECF No. 19 at 3.) Moreover, Kestenbaum notes that regardless of whether he has standing to bring this Motion, the Court may *sua sponte* decline jurisdiction, as other courts have done. (*Id.* at 3-4.)

The Court agrees with Kestenbaum. Plaintiffs' Complaint identifies Kestenbaum as "a necessary and proper party pursuant to Rule 19 (a)" because Kestenbaum has an interest in the outcome of this action based on his claims in the Underlying Action. (ECF No. 1 ¶ 6.) And, as Kestenbaum notes, his status is immaterial as "[a] court may sua sponte dismiss a case because it declines to exercise jurisdiction over a declaratory judgment action." *Access Ins. Co. v. Carpio*, 861 F. Supp. 2d 539, 543 n.5 (E.D. Pa. 2012) (citing *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 136 (3d Cir. 2000)). Indeed, many courts in this Circuit have decided similar motions to dismiss brought by an injured party in an underlying action. *See, e.g.*, *Triassic Ins. Co. v. Antonio Investment LLC*, Civ. No. 26-883, 2026 WL 2122913 (W.D. Pa. July 23, 2026); *Security Nat'l Ins. Co. v. Summerfield*, Civ. No. 21-895, 2021 WL 1923030 (E.D. Pa. May 13, 2021). Accordingly, the Court will consider the merits of Kestenbaum's Motion.

In deciding whether to abstain from an action seeking only declaratory relief, courts are guided by "considerations of practicality and wise judicial administration." *Reifer*, 751 F.3d at 139 (quoting *Wilton*, 515 U.S. at 288)). First, courts determine whether there is a parallel state proceeding. *Kelly*, 868 F.3d at 282 (citing *Reifer*, 751 F.3d 129 at 143, 46 (3d Cir. 2014)). A "parallel state proceeding" is one in which "all the matters in controversy between the parties could be fully adjudicated." *Reifer*, 751 F.3d at 137 n.9 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). More specifically, "[t]here must be a substantial similarity in issues and parties[.]" *Kelly*, 868 F.3d at 284. "Germane factors include the scope of the state court proceeding, the claims and defenses asserted, and whether necessary parties had been or could be

joined." *Id.* A comparison of the state and federal proceedings must occur as the actions "contemporaneously exist, not as they might eventually be." *Id.* If a parallel state court proceeding exists, district courts should generally decline jurisdiction unless outweighed by other factors. *Id.* (citing *Reifer*, 751 F.3d at 145). And if no parallel state court proceeding exists, district courts should generally exercise jurisdiction. *Id.* (citing *Reifer*, 751 F.3d at 144).

For example, in *Kelly v. Maxum Specialty Insurance Group*, the Third Circuit reversed and remanded a district court's decision declining to exercise jurisdiction under the Declaratory Judgment Act based on the district court's finding that the underlying action was a parallel proceeding. *Id.* at 287-89. The Circuit held that the state and federal cases were not parallel proceedings because the insurer was not a party in the underlying action and the issues in each case were distinct. *Id.* at 287. The issue before the district court was the scope of insurance coverage. *Id.* at 280. But in state court, the issue was whether the defendant was liable to the plaintiffs for negligence and breach of contract.[6] *Id.* However, *Kelly* noted an exception to this general rule in a footnote:

> It is possible that, in certain circumstances, determining the issue of coverage will rely on questions central to the underlying liability proceeding. *See, e.g.*, *Nationwide Mut. Ins. Co. v. Lowe*, 95 F. Supp. 2d 274, 276-77 (E.D. Pa. 2000) (staying a declaratory action in which the insurer disclaimed coverage on the basis that the plaintiffs were the defendant's employees, an issue already in dispute in a pending state lawsuit). Even if the proceedings are not parallel as we have defined it, such may be the type of situation which

[6] The case arose from a car collision between a drunk driver and Ronald Kelly. *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 279 (3d Cir. 2017). Kelly sued the bar that served the drunk driver and settled with the bar for $5,000,000. *Id.* At the time of suit, the bar alerted its insurance broker and asked that the broker notify the bar's insurer of the insurer's obligation to defend and indemnify the bar, but the broker did not do so. *Id.* The bar assigned Kelly its rights to sue the broker over the failure to notify, and Kelly and his wife sued the broker in state court for negligence and breach of contract. *Id.* at 279-80. The Kellys also filed a separate action in state court seeking a declaratory judgment that the broker's professional liability insurer was obligated to defend and indemnify the broker against the claims in the tort action. *Id.*

> nevertheless warrants a court's abstention. But this is not the case here, where [the insurer's] coverage arguments are predicated on the timing of the [tort claimants'] claim and the identity of the insurer, issues entirely independent of whether [the insured] was negligent.

*Id.* at 287 n.12.

Based on *Kelly*, courts have declined to exercise jurisdiction "where the requested declaration would require the court to determine facts that are squarely at issue in an underlying state court proceeding." *Amguard Ins. Co. v. Mnawer*, Civ. No. 25-13202, 2026 WL 1705929, at *3 (D.N.J. June 12, 2026) (citations omitted). In *Amguard Insurance v. Mnawer*, for example, the court declined to exercise jurisdiction over a declaratory judgment action, noting that "even if the proceedings are not parallel, abstaining from exercising jurisdiction may still be warranted if 'determining the issue of coverage will rely on questions central to the underlying liability proceeding.'" *Id.* (citing *Kelly*, 868 F.3d at 287 n.12). It determined that granting the insurer's requested declaratory relief would require it to find that the insured intentionally injured the plaintiff in the state court action, which it called a contested fact and a "central issue in the underlying action" that could not be determined by examining the insurance policy and pleadings. *Id.* at *5.

Aside from determining whether the state court proceeding is parallel, courts should also consider the following *Reifer* factors "to the extent they are relevant," as well as any other factors the Court determines to be relevant:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
>
> (2) the convenience of the parties;
>
> (3) the public interest in settlement of the uncertainty of obligation;
>
> (4) the availability and relative convenience of other remedies;

> (5) a general policy of restraint when the same issues are pending in a state court;
>
> (6) avoidance of duplicative litigation;
>
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata*; and
>
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Kelly*, 868 F.3d at 283 (citing *Reifer*, 751 F.3d at 146).

As such, the Court will first consider whether the Underlying Action is a parallel proceeding and then consider any other relevant factors.

The Court holds that the Underlying Action is not a parallel proceeding. The Underlying Action brought by Kestenbaum exclusively asserts tort claims against Macor and there is nothing in the record indicating that Plaintiffs' insurance coverage obligation is at issue in that action. Further, Plaintiffs are not parties to the Underlying Action. As such, there is no parallel state court proceeding "involving the same parties and presenting opportunity for ventilation of the same state law issues." *Kelly*, 868 F.3d at 284 (quoting *Wilton*, 515 U.S. at 283); *see also Zurich Am. Ins. Co. v. Gutowski*, 644 F. Supp. 3d 123, 136 (E.D. Pa. 2022) (finding "no difficulty concluding that the [state court] action is not a parallel state proceeding" because the insurer "is not a party to the [state court] action"). This militates strongly in favor of this Court exercising jurisdiction over this action. *Kelly*, 868 F.3d at 282.

However, the Court finds that the issue of coverage in this case may be dependent upon issues central to the Underlying Action and thus counsels in favor of staying this matter. *Kelly*, 868 F.3d at 287 n.12. To grant Plaintiffs the relief requested in the Complaint, the Court must

interpret the Policies to ascertain whether any listed exclusions apply. (*See* ECF No. 1 ¶ 15 (excluding "'[b]odily injury' . . . which is expected or intended by an 'insured' even if the resulting "bodily injury" . . . is: a. Of a different kind, quality or degree than initially expected or intended").) Interpreting these exclusions will include questions of fact regarding Macor's intent to cause bodily injury – namely a traumatic brain injury, (*see* ECF No. 1 ¶¶ 13-15), which will be better decided following the final adjudication of Kestenbaum's negligence claim in the Underlying Action. A ruling by this Court could result in "inconsistent determinations" and "carr[y] with it the potential for prejudicial collateral estoppel in the underlying action." *Nationwide Mut. Ins. Co. v. Lowe*, 95 F. Supp. 2d 274, 276-77 (E.D. Pa. 2000); *Amguard Ins.*, 2026 WL 1705929, at *6 (staying case where "the state court may evaluate and determine" issues important to the resolution of the declaratory judgment action); *Cont'l Indem. Co. v. H&M Int'l Trans., Inc.*, Civ. No. 18-14701, 2019 WL 1379884, at *3-4 (D.N.J. Mar. 26, 2019) (granting stay of matter as alternative to abstention where an appeal of a state court action and its relevant factual findings was pending). The Court holds that these considerations weigh in favor of granting a stay in this case pending resolution of fact issues in the Underlying Action.

The Court also finds that the *Reifer* factors weigh in favor of this Court exercising jurisdiction, but only upon a final adjudication of the Underlying Action. *Kelly*, 868 F.3d at 283 (listing factors and citing *Reifer*, 751 F.3d at 146). First, a declaratory judgment in this action will resolve the uncertainty in insurance coverage that gave rise to the filing of this action. *Id.* at 288. Neither party has identified a person or issue that is part of the insurance coverage dispute but not yet joined. *DiAnoia's Eatery, LLC v. Motorists Mut. Ins. Co.*, 10 F.4th 192, 205-06 (3d Cir. 2021) (identifying two types of situations which may make it unlikely that a declaration will prevent further litigation). Resolving the instant action would "bring about a complete termination of the

controversy between the parties." *Id.* at 205 (citation modified). Therefore, this factor favors the Court's exercise of jurisdiction.

The convenience of the parties is neutral. While this matter was filed in federal court and the Underlying Action is in state court, the difference in locations of the courthouses is *de minimis*. *See Berkley Ins. Co. v. Daniels*, Civ. No. 23-3031, 2024 WL 3379068, at *2 (D.N.J. Apr. 24, 2024) (finding this factor neutral where the locations of the courts were both "sufficiently convenient for the parties").

As for the public's interest in a settlement, this factor is also neutral. While Plaintiffs argue that "the public interest strongly favors resolving insurance coverage questions expeditiously to promote certainty in the relationship between the insurer and the insured," (ECF No. 18 at 15), this concern is akin to "the usual interest in the fair adjudication of legal disputes, an interest which the District Court is well-equipped to address," *Kelly*, 868 F.3d at 288; *see also Berkley Ins.*, 2024 WL 3379068, at *2 (concluding this factor was neutral in an insurance declaratory judgment action "because the record does not present any public interest considerations"); *Zurich Am. Ins.*, 644 F. Supp. 3d at 137 (determining this factor "does not weigh against the exercise of jurisdiction" in an insurance declaratory judgment action "because there is no indication that any public interest is at stake" (citation modified)). Further, to the extent Kestenbaum is concerned about comity with state courts, (*see* ECF No. 9-2 at 7-9), the Court finds that an exercise of jurisdiction is appropriate only upon resolution of the Underlying Action.

The fourth factor is also neutral, as "[t]he state and federal courts are equally able to grant effective relief," and "the parties do not argue that other remedies would be adequate, let alone more convenient." *Kelly*, 868 F.3d at 289; *see also Cont'l Indem. Co.*, 2019 WL 1379884, at *3-4 (finding this factor neutral where "there [was] no more convenient remedy available"). If anything,

refiling this action in state court is unlikely to be more efficient, less expensive, or less convenient which weighs in favor of exercising jurisdiction here. *Zurich Am. Ins. Co.*, 644 F. Supp. 3d at 137 (citing *Foremost Ins. Co. v. Nosam, LLC*, Civ. No. 17-2843, 2018 WL 417035, at *3 (E.D. Pa. Jan. 12, 2018)).

As for the fifth factor, the Court finds that it is also neutral because the issue of coverage is not pending in the Underlying Action, and therefore a "general policy of restraint" is not necessary. *Reifer*, 751 F.3d at 146; *see also DiAnoia's Eatery, LLC*, 10 F.4th at 206-07. In *DiAnoia's Eatery*, the Third Circuit emphasized that a policy of restraint is "applicable only when the 'same issues' are pending in state court between the same parties." 10 F.4th at 206. Because the Court has already determined that the issues presently before it are not pending in the Underlying Action and Plaintiffs here are not parties in the Underlying Action, this factor is neutral.

The sixth factor, which considers the avoidance of duplicative litigation, weighs toward abstention because, as discussed *supra*, addressing the question of coverage may require interpreting questions of fact pending in the Underlying Action. *See Berkley Ins.*, 2024 WL 3379068, at *3 (holding this factor weighed in favor of abstention "because the main substantive issues that the Court must determine to assess the [p]olicy's applicability . . . must also be determined to resolve the [u]nderlying [a]ction"); *Amguard Ins.*, 2026 WL 1705929, at *5 (determining a risk of duplicative litigation existed "if the [c]ourt opine[d] on [the insured's] intent"); *cf. Atain Specialty Ins. Co. v. Da Silva*, Civ. No. 20-13080, 2021 WL 2660307, at *6 (D.N.J. June 29, 2021) (finding "no reason to be concerned about duplicative litigation as the [c]ourt finds the issues in the two proceedings are distinct"). However, a stay of this case pending resolution of the Underlying Action would resolve any concern regarding duplicative proceedings.

The seventh factor, which instructs a court to consider whether the declaratory action is a method of procedural fencing or a means to provide another forum in a race for *res judicata*, weighs against exercising jurisdiction. Kestenbaum argues that Plaintiffs are "forum shopping" by bringing the instant action in federal court after the state court denied Macor's motion for summary judgment, subsequent motion for reconsideration and interlocutory appeal. (ECF No. 9-2 at 2-4.) Plaintiffs respond only by noting that "when a state court underlying tort action and a federal insurance coverage proceeding are not parallel, the seventh factor does not weigh against exercising jurisdiction." (ECF No. 18 at 16 (citing *State Farm Indem. Co. v. Van Pelt*, Civ. No. 25-1274, 2025 WL 2918675, at *6 (D.N.J. Oct. 14, 2025).) Because Kestenbaum has expressed concern that filing the Declaratory Action before this Court was driven by an improper motive, *Kelly*, 868 F3d at 289, and Plaintiffs have not meaningfully disputed that allegation, the Court finds this factor weighs in favor of abstention. But again, a stay of this action would resolve this issue.

Finally, the eighth factor, which considers whether there is an inherent conflict of interest between an insurer's duty to defend in state court and its attempt to characterize the suit as falling within the scope of a policy exclusion in federal court, also weighs in favor of abstention. Although true that Plaintiffs are not parties to the Underlying Action, their interests are not completely neutral to Macor's interests; indeed, a finding that an exclusion to the policy applies will undeniably impact the Underlying Action and Plaintiffs' role in it. In the Underlying Action, Plaintiffs argued on behalf of Macor that the intentional act of slapping Kestenbaum did not result in intentional harm and thus Kestenbaum's negligence claim cannot stand, *see Kestenbaum v. Macor*, HNT-L-000166-23, Brief in Support of Defendant Tristan Macor's Motion for Summary Judgment, at 9-10 (Aug. 1, 2025), *and id.*, Brief in Support of Motion for Reconsideration, at 4-7

(Oct. 1, 2025), which Plaintiffs will likely argue here as well but for purposes of applying an exclusion under the policy that would relieve Plaintiffs of providing Macor's defense in the Underlying Action. And where an insurer's positions conflict, courts have found that this factor weighs in favor of abstention. *See, e.g.*, *Amguard Ins.*, 2026 WL 1705929, at *5.

In sum, the lack of a parallel state court proceeding to resolve the insurance coverage dispute weighs in favor of this Court exercising jurisdiction over the instant action. However, certain factual issues regarding the Policies' exclusions are better off resolved following resolution of the Underlying Action. *Kelly*, 868 F.3d at 287 n.12. And the *Reifer* factors on balance weigh in favor of this Court exercising jurisdiction, but only upon completion of the Underlying Action. The Court holds that it will not abstain from jurisdiction in this case and instead will stay this case pending the outcome of the Underlying Action. As such, Kestenbaum's Motion is denied.

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant's Motion to Dismiss (ECF No. 9) is **DENIED**. An appropriate Order follows.

Dated: September 3, 2026

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**